IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

LARRY WILLIAMS, #648392          §
                                 §
V.                               §          CIVIL ACTION NO. G-01-290
                                 §
CAL WOOTEN, ET AL.               §

## REPORT AND RECOMMENDATION

Plaintiff Larry Williams brought the instant complaint pursuant to 42 U.S.C. § 1983, alleging violations of his Eighth Amendment right to be protected from cruel and unusual punishment. The cause was dismissed with prejudice as frivolous by Order of the District Court on July 8, 2004; on January 25, 2005, the judgment of the District Court was vacated and remanded for further proceedings by the United States Court of Appeals for the Fifth Circuit. Now before the Court is Defendant Dickerson, Jones and Wooten's Motion for Summary Judgment, which is unopposed. Having carefully reviewed Defendants' summary judgment motion, this Court makes the following recommendation to the District Court.

Under Rule 56(c) of the Federal Rules of Civil Procedure, the moving party in a summary judgment action "bears the initial responsibility of informing the District Court of the basis for its motion, and identifying those portions of the pleadings, interrogatories, and admissions on file, together with the affidavit(s), if any, which are believed to demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant makes this showing, the burden shifts to the non-movant to show that summary judgment is not appropriate. *Id*. at 325. This burden is not satisfied by some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence. *Little v. Liquid Air Corp*.

1

37 F.3d 1069, 1075 (5th Cir. 1994).  Rather, the non-moving party must come forward with competent summary judgment evidence showing that there is a genuine issue for trial.  Fed.R.Civ.P. 56(e).

Summary judgment may not be awarded by default, however, merely because the moving party has failed to respond.  *See Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule.  "The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done, so, the Court may not grant the motion, regardless of whether any response was filed."  *Hetel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n. 3 (5th Cir. 1995)(citing *Hibernia Nat'l Bank*, 776 F.2d at 1279).  Nonetheless, the District Court may accept as undisputed the facts set forth in support of the unopposed motion for summary judgment.  *See Eversley v. MBank Dallas*, 843 F.2d  172, 174 (5th Cir. 1988).

Plaintiff's complaint centers around his job assignment in the field utility squad of the Ramsey II unit between May, 1999 and September 7, 1999.  As history, a small rod was surgically inserted in Plaintiff's thigh in 1983.  Since that time and until his incarceration at the Ramsey II unit in 1998, Plaintiff asserts he had never been assigned to outside field work.  However,  during his incarceration at Ramsey II,  between May, 1999 and September 7, 1999, Plaintiff alleges that Defendant Dickerson assigned him to the utility field unit in violation of his work/medical restrictions and constitutional rights, causing him to suffer an infection around the rod in his thigh.

The Eighth Amendment protects prisoners from "cruel and unusual punishment" in the form of "unnecessary and wanton inflictions of pain" at the hands of prison officials.  *Wilson v. Seiter*, 501 U.S. 294, 297 (1991); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  The Eighth Amendment's prohibition against cruel and unusual punishment includes an inmate's right to be free from conditions of confinement that impose an excessive risk to the inmate's health or safety.  *Farmer v. Brennan*, 511

U.S. 825, 837 (1994).  In order to establish that this right has been violated, the inmate must satisfy

a two-part test.  The first part of the test is objective, and requires the inmate to show that he is

incarcerated under conditions posing a substantial risk of serious harm so grave that it violates

contemporary standards of decency to expose anyone unwillingly to such a risk. *Farmer,* 511 U.S. at

834 (*quoting Wilson v. Seiter*, 501 U.S. at 298).  In other words, the prisoner must show that the risk

of which he complains is one in which today's society would not tolerate. *Helling v. McKinney*, 509

U.S. 25, 35 (1993). The second prong of the test is subjective, and requires that the inmate show that

the prison official "knew of and disregarded an <u>excessive</u> risk to inmate health or safety"; the official

must both be aware of facts from which the inference could be drawn that a substantial risk of serious

harm exists, and he must also draw the inference. *Farmer,* 511 U.S. at 834.

     Having reviewed the entirety of this file, this Court is of the opinion that Plaintiff's allegations

concerning his work assignment cannot meet either prong of the test for establishing an Eighth

Amendment violation.  Objectively, Plaintiff has offered no fact to suggest that his physical condition

was serious enough to prevent him from performing his assigned work task. Plaintiff was assigned to

the utility field unit in May, 1999. At some point in time between June and July, 1999, Plaintiff alleges

that he developed a severe infection around the rod in his thigh, yet was forced to work despite the

infection and pain; medical records reveal otherwise.  In May and June of 1999, Plaintiff reported to

the infirmary complaining generally of knee and leg pains consistent with his osteoarthritis.  He was

treated with a pain reliever, naproxen, on June 18, 1999, and it did not appear that the problem was

serious or related to his job assignment.[1]  On June 21, 1999, Plaintiff returned to the infirmary with

---

[1] Defendants' Motion for Summary Judgment, Ex. A at 68-72; Ex. B.

3

an infected cyst on his thigh[2];  the cyst tested positive for staphylococcus, a bacteria commonly found on the skin.  The cyst was drained, cleaned and dressed, and Plaintiff was medically unassigned and given a cell pass for thirty days.  The only other medial attention Plaintiff sought after returning to the utility squad on August 9, 1999, pertained to routine medical screening or recurrent skin infections unrelated to the job assignment.[3]   Dr. Bruce Smith, Defendants' medical expert, states in his affidavit that he found "no evidence of verifiable harm or injury sustained during May 1999 to September, 1999, attributable to his being assigned to the field squad."[4]

Plaintiff has offered no fact to suggest that his physical condition was serious enough to prevent him from performing his assigned work task, or that he was exposed to a risk "so grave that it violates contemporary standards of decency."  *Helling*, 509 U.S. at 35.   Plaintiff was assigned to the utility field unit in May, 1999.  During his assignment, medical records reveal that he suffered from nothing more than skin infections caused by a bacteria commonly found everywhere in the environment.  Plaintiff suffered no discernible harm as a result of his work assignment and has presented no facts to suggest that he was, at any time, placed at significant risk of serious harm.

For the foregoing reasons, it appears that Plaintiff's claims lack an arguable basis in law and are frivolous.  It is, therefore, the **RECOMMENDATION** of this Court that Defendants' Motion for Summary Judgment (Instrument no. 66) be **GRANTED and the instant complaint be DISMISSED with prejudice.**

---

[2] Defendants' Motion for Summary Judgment, Ex. A at 68; Ex. B.

[3] Defendants' Motion for Summary Judgment, Ex. A at 47-54, Ex. B.

[4] Defendants' Motion for Summary Judgment, Ex. B, p. 3.

The Clerk shall send a copy of this Report and Recommendation to the Plaintiff by the means in place for transmission of same.  The Plaintiff shall have until **February 9, 2006,** in which to have written objections physically on file in the Office of the Clerk.  <u>The objections shall be mailed to the Clerk's Office in Galveston, Texas 77553 at  P.O. Drawer 2300</u>.  Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge", which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this the ___24th___ day of January, 2006.

_____

John R. Froeschner
United States Magistrate Judge

5